Letcher et al. v. Letcher et al.

---

JACOB J. LETCHER *et al.*, Appellants, *v.* JULIA A. LETCHER *et al.*, Respondents.

1. *Contract — Written agreement not varied by parol, when* — Evidence of a parol agreement is not made inadmissible as varying the terms of a written contract, where that portion of the instrument bearing upon the subject-matter of the parol agreement had been purposely erased by the parties.

*Appeal from St. Louis Circuit Court.*

*J. N. Straat*, for appellants.

*Crews, North & Laurie*, for respondents.

BLISS, Judge, delivered the opinion of the court.

This was a suit in partition, and a controversy arises in regard to the taxation of attorney's fees. After the case had been some time in court, the parties came to an arrangment for the division of the property, and the agreement was drawn by Mr. Straat, one of the counsel. The four items of this agreement contained a proviso that the attorney's fees should " be paid *pro rata* by the parties to the suit." The other parties refused to agree to this, and it was erased and the agreement signed by counsel. Immediately Mr. Crews, one of the counsel, appended a memorandum signed by himself alone, as follows : " Mr. Straat agrees to look to his client, Jacob J. Letcher, only, for fees in this case," and dated it May 12, 1870. On the 18th the compromise agreement was filed and the proceedings in partition were consummated. On the 8th day of April, 1871, the court, on motion of Straat, allowed him $1,000 counsel fee, and taxed it as costs ; but on the 18th this order of allowance was vacated on motion to retax by Crews, on behalf of some of the other parties, and the action of the court in so retaxing the costs is brought before us for review.

Mr. Crews testified that the agreement was expressed by parol that Straat was to look to his own client for his fees, and that the minute made by him was strictly in accordance with that agreement. Mr. Straat does not deny this, but claims that he is not bound by it, inasmuch as it was not introduced into the writing, and that it was made between the attorneys.

The fact that it was not included in the writing will not avail him, inasmuch as the writing, after the erasures, contains nothing upon the subject. It is not, therefore, varied or contradicted by a parol agreement, but the compromise as to the division of the property was complete of itself, without any provision as to the costs and expenses. Nor does it matter that this arrangement

was made by the attorneys. So far as the record shows, the whole arrangement was their work, and their authority as to the details must be assumed. But even if it were necessary to show the assent of the client in order to bind him, it is not necessary in this case, for the agreement does not purport to bind the client, but only the attorneys who made it.

There is no error in the judgment of the court retaxing the costs, and it will be affirmed. The other judges concur.